Burton S. Sherman, J.
The defendants move to dismiss the complaint claiming lack of in personam jurisdiction which was attempted pursuant to the ‘ ‘ long-arm ’ ’ statute, CPLR 302 (subd. [a], par. 1) and section 404 (subd. [a], par. 1) of the New York City Civil Court Act in an action by a stockbroker to recover an alleged balance due on the purchase of stock.
It is undisputed that the defendants residing in Pennsylvania ordered the purchase of some shares of stock from their local broker. This broker maintained an office in Philadelphia, Pennsylvania as a representative of the plaintiff stockbroker company whose office was in New York County. Thereafter the shares were purchased by plaintiff at the New York Stock Exchange pursuant to the order originally placed by defendants with the Pennsylvania office.
Some decisions generated after enactment of our “ long-arm ” statute are difficult to reconcile. This is understandable as it is not always an easy task to achieve a workable result under CPLR 302. For the courts must try to protect its citizens, maintain New York as a commercial center, avoid overburdening our calendars and satisfy the constitutional safeguards of due process. Fortunately in this case there are no such conflicts and this court is relieved of the mischievous practice of reasoning backwards to achieve a good policy result.
It has been held that where a purchaser telephones a single order into New York, it is insufficient to confer jurisdiction under CPLR 302. (Katz & Sons Billiard Prods. v. Correale & Sons, 26 A D 2d 52, affd. 20 N Y 2d 903.) The contacts with New *905 York are even more remote in the instant case. There was a face to face transaction between the defendants and their broker in Pennsylvania at the conclusion of which all further action on the part of the defendants ceased. The incidental circumstances that following all action by the defendants, their local broker undertook the interstate activity of placing a telephone call order to New York surely will not provide the basis for “ long-arm ” jurisdiction. This is different from the situation in the case of Park-Bernet Galleries v. Franklyn (26 N Y 2d 13), where the defendant principal actually regulated by open telephone lines the conduct of his agent in New York who was transacting business on his behalf.
It would be preposterous to suggest that a buyer at a national retail chain would be subject to long-arm jurisdiction as a result of a subsequent order placed to a warehouse in a foreign State by the local branch seller. This is the result sought here. Moreover jurisdictional abrogation is not contemplated by existing law. The plaintiff entered Pennsylvania to harvest economic benefits by representing local interests. It cannot enjoy these benefits and avoid the impact of litigation in such local forum by hiding behind New York jurisdictional statutes. The motion is granted and the complaint dismissed.